UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: AMAZON.COM, INC.,
FULFILLMENT CENTER FAIR LABOR　　　　Master File No. 3:14-md-2504
STANDARDS ACT (FLSA) AND　　　　　　　MDL Docket No. 2504
WAGE AND HOUR LITIGATION

THIS DOCUMENT RELATES TO:

*Vance et al. v. Amazon.com, Inc. et al.*,　　　Civil Action No. 3:13-cv-765-DJH

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs initially pursued their claims for unpaid time spent in security screening under both federal and Kentucky law. But a United States Supreme Court decision disposed of their federal claims. Now, the Court must decide whether the Supreme Court's ruling in *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513 (2014), also resolves their state law claims. The defendants argue that it does and request judgment on the pleadings. (Docket No. 115) They maintain that because the Kentucky Wage and Hour Act does not define "work," federal case law—in this case, *Busk*—must fill in the gaps. The plaintiffs disagree that *Busk* controls. (D.N. 116) They assert that *Busk* was an interpretation of the federal Portal-to-Portal Act of 1947,[1] not the Fair Labor Standards Act, and note that Kentucky has never added statutory language that mirrors the Portal-to-Portal language. They contend that this means that the Court should look to a pre-Portal-to-Portal Act definition of "work." The Court disagrees and will grant the defendants' motion because the Portal-to-Portal Act was an amendment to—and not wholly

---

[1] The Portal-to-Portal Act is an amendment to the FLSA. It was passed in 1947 as a way to exempt certain preliminary and "postliminary" activities from the definition of "work" under the FLSA. *See generally* Marc Linder, "Class Struggle at the Door: The Origins of the Portal-to-Portal Act of 1947," 39 BUFF. L. REV. 53 (1991).

distinct from—the FLSA, and Kentucky law instructs that federal law should be applied here, in the absence of state law.

## I. FACTUAL BACKGROUND

The plaintiffs, a group of individuals including Aaron and Tina Vance, "are hourly-paid workers at Defendants' Fulfilment Center in Shepherdsville, Kentucky." (D.N. 116, PageID # 1862) Workers there are assigned specific shifts and must clock in and clock out. (*Id*.) At the end of their shifts, they must submit to a "lengthy security screening" before exiting the worksite. (*Id*.) These checks deter theft and help the defendants preserve their merchandise. (*Id*., PageID # 1863) The screenings can take between ten and thirty minutes. The key agreed-upon fact here is that the employees are not paid for the time spent being screened. (*Id*.)

When the Supreme Court decided *Busk*, it did away with the plaintiffs' federal claims under the Fair Labor Standards Act. In April 2015, the defendants moved for judgment on the pleadings as to the plaintiffs' Kentucky state law claims. (D.N. 115) They note that Kentucky's statutes do not define "work," and so Kentucky courts track federal law interpreting the word as it appears in the FLSA. (*Id*., PageID # 1845) At first, the FLSA did not define work either. But courts began reading the word expansively. So Congress passed the Portal-to-Portal Act in 1947, which cut out pre- and post-shift activities from "work." (D.N. 119, PageID # 1880 (citing, *e.g.,* 29 U.S.C. §§ 252, 254; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 693 (1946))) In *Busk*, the Supreme Court held that security checks—like the ones at issue here—fall within the Portal-to-Portal exceptions to compensable "work." *Busk*, 135 S. Ct. at 515. Given that the Portal-to-Portal Act amends the FLSA, the defendants assert that the Court should interpret the KWHA so as to preclude the security checks in Shepherdsville from counting as compensable work.

The plaintiffs oppose the motion. (D.N. 116) They argue that Kentucky courts do not *always* look to federal law to interpret state statutes. (*Id.*, PageID # 1863) Rather, they claim that Kentucky courts will only look to federal case law when the state statute mirrors the federal one. (*See id.*, PageID # 1863-72) Though Kentucky law mirrors the original FLSA wording, Kentucky never passed a law that mirrors the Portal-to-Portal Act. (D.N. 116, PageID # 1864) Without such legislation, the plaintiffs posit that the Court must look to pre-1947 interpretations of "work" in FLSA cases. (*Id.*) Before 1947, federal courts had determined that "work" under the FLSA included "activities controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590 598 (1944). These definitions are still good law—the Portal-to-Portal Act did not change what "work" was under the FLSA; it merely exempted certain activities from the definition. *See IBP v. Alvarez*, 546 U.S. 21, 28 (2005). So, essentially, the plaintiffs want this Court to use the old definitions of work without applying the new(er) exceptions found in Portal-to-Portal. The plaintiffs cite cases from California and Washington where state courts refused to read the Portal-to-Portal Act exemptions into state statutes that did not include language similar to Portal-to-Portal. (D.N. 116, PageID # 1868-67 (citing *Morillion v. Royal Packing Co.*, 995 P.2d 139 (Ca. 2000); *Anderson v. State Dep't of Soc. & Health Servs.*, 63 P.3d 134 (Wash. Ct. App. 2003))) They maintain that this Court should not read the Portal-to-Portal Act into state laws without matching language.

The Court heard oral argument in February 2016. Based on new arguments the parties presented during that hearing, the Court allowed them to file supplemental briefs. (D.N. 126) The plaintiffs' supplemental brief focused on their argument that because the security check required exertion, was controlled by the defendants, and was for the defendants' benefit, the

security checks were compensable work under Kentucky law. The plaintiffs compared their security checks to down periods in other jobs, like firefighting, where "waiting is an integral part of the job." (*See, e.g.,* D.N. 129, PageID # 1965 (citation omitted)) They also reinforced their arguments about the Portal-to-Portal Act not having an analogue in Kentucky law. (*See, e.g., id.*, PageID # 1966) Meanwhile, the defendants used supplemental briefing to challenge the contention that the workers exert themselves during the security check and that they are being engaged to wait. (D.N. 130, PageID # 1994) The defendants also buttressed their arguments that Kentucky law tracks the Portal-to-Portal Act. (*Id.*, PageID # 2000-03)

## II. STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is weighed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012). Thus, courts faced with a Rule 12(c) motion must accept any well-pled allegations as true, "and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (citation omitted).

To avoid judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The complaint "must contain sufficient factual matter to 'state a claim that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at

556)). That is, the plaintiffs "must plead 'sufficient factual matter' to render the legal claim . . . more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (internal citation omitted).

### III. DISCUSSION

The plaintiffs do not have a viable legal claim under Kentucky law. Even though Kentucky has its own wage and hour law, the state statute closely mirrors the FLSA. Neither the state statute nor the FLSA defines "work." *See Todd v. Lexington Fayette Urban Cty. Gov't*, No. 5:08-CV-295-KKC, 2009 WL 4800052, at *3-*4 (E.D. Ky. Dec. 10, 2009). And so, Kentucky courts look to federal cases interpreting the FLSA to decide what activities count as "work." *Id*. at *4. In *Busk*, the Supreme Court held that the Portal-to-Portal Act excludes post-shift security checks, and Kentucky courts would use *Busk* to fill the state's statutory void. Thus, the Court will grant the defendants' motion for judgment on the pleadings.

#### A. The Effect of *Busk*

The main problem with the plaintiffs' position is that they treat the Portal-to-Portal Act as separate and distinct from the FLSA. Yet the Portal-to-Portal Act *amended* the FLSA. *Busk*, 135 S. Ct. at 515. The Portal-to-Portal Act is an amendment to the FLSA that clarifies the FLSA's meaning.

As the defendants noted, courts interpreted the FLSA too broadly when it was first passed. (D.N. 119, PageID # 1880 (citing, *e.g., Mt. Clemens Pottery*, 328 U.S. at 683-94 (where preliminary activities, like walking over to clock in before a shift, were deemed compensable "working time"))) So Congress reined them in. Indeed, Congress passed the Portal-to-Portal Act because it found that courts had interpreted the FLSA "in disregard of long-established customs, practices, and contracts between employers and employees." 29 U.S.C. § 251(a). The

5

Portal-to-Portal Act is simply a clarifying amendment that carves out "preliminary [and] postliminary" activities from the aegis of compensable work. 29 U.S.C. 254(a)(1). It does not alter the FLSA's construct or make substantive changes to the FLSA's concepts about work, overtime, or the like. It simply clarifies that some activities do not count as "work." *See generally* Linder, 39 BUFF. L. REV.

Kentucky's General Assembly passed the KWHA in 1974, decades after the Portal-to-Portal Act was passed. True, Kentucky's laws do not contain Portal-to-Portal language. *See* KY. REV. STAT. §§ 337.285, 337.385. But Kentucky courts instruct that federal law will fill in the gaps left in Kentucky's FLSA analogue. *See, e.g., City of Louisville, Div. of Fire v. Fire Serv. Managers Ass'n,* 212 S.W.3d 89, 95 (Ky. 2006). As long as Kentucky has had an FLSA analogue, there has been a federal Portal-to-Portal Act. Other courts, including the Eastern District of Kentucky, have used the Portal-to-Portal Act when deciding what counts as compensable work under Kentucky's state laws. *See Todd*, 2009 WL 4800052, at *4 (acknowledging that Kentucky courts look to federal law and holding that employee's time spent traveling to and from Alcoholics Anonymous meetings was not compensable work under the FLSA and, accordingly, not compensable under Kentucky law). This Court will follow the *Todd* court's approach and apply the Portal-to-Portal Act to determine what is *not* compensable work under Kentucky law. Pursuant to the Supreme Court holding in *Busk*, the defendants' motion for judgment on the pleadings will be granted because the state law claims are no longer viable.

**B. The Arguments Raised After Initial Briefing Do Not Alter the Court's Conclusion**

In light of new arguments raised at oral argument, the Court allowed the parties to submit supplemental briefs. (D.N. 126) After considering oral argument and the additional briefs,

however, the Court remains convinced that the Kentucky state claims should be dismissed. The Court will briefly address the plaintiffs' new arguments in turn.

The plaintiffs begin by noting that, under Kentucky law, what is compensable work "requires a fact intensive analysis that 'depends upon [the] particular circumstances' of the activity." (D.N. 129, PageID # 1963 (quoting 803 KAR 1:065, § 3(1))) The plaintiffs then compare this case to instances where "waiting is an integral part of the job," like stenographers who read books while waiting to take dictation or firefighters who play board games while waiting to spring into action. (*Id.*, (quoting 803 KAR 1:065, § 3(2))) Though the Court agrees that there certainly are jobs where waiting is an integral part of the work, the Court disagrees that this case presents such a job. Jobs like firefighting and stenography have necessary down periods. And so, workers who have those types of jobs are compensated to wait: They are paid to be on call so that, when the primary tasks they are paid to do arise, they will be available to do the work that needs to be done. Here, though, the workers are not being paid to wait around for their next task. These workers have already completed their tasks for the day—the jobs they are paid for—and are just waiting to go home.

Next, the plaintiffs attempt to parry the defendants' assertion that the security checks at Shepherdsville do not count as work because they do not involve "exertion." (*See* D.N. 129, PageID # 1965) The plaintiffs posit that passing through the security checks is just as much exertion as reading a book or playing a board game. (*Id.*) But as discussed above, these comparisons are not accurate. The plaintiffs' argument is based on a faulty premise and so the level of exertion is immaterial.

## IV. CONCLUSION

If Kentucky looks to federal law to determine what *is* work under its wage and hour laws, the Court sees no reason to ignore federal law explaining what is *not* work. After considering the arguments of counsel, the Court is left with the conclusion that the Supreme Court's *Busk* decision thwarted the plaintiffs' Kentucky state law claims at the same time it dispatched their federal claims. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the defendants' motion for judgment on the pleadings (D.N. 115) is **GRANTED**. The plaintiffs' Kentucky state law claims are hereby **DISMISSED** with prejudice. A separate judgment will be entered this date.

March 30, 2016

                                          **David J. Hale, Judge**
                                     **United States District Court**